UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Gaybou Zean,<br><br>  Plaintiff,<br><br>v.<br><br>eFinancial, LLC, SelectQuote Insurance Services, Burialexpense.com, InsideResponse, LLC, Tiburon Insurance Services, and Allied Insurance Partners,<br><br>  Defendants. | Case No. 19-cv-2958 (NEB/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff filed his Third Amended Complaint on June 15, 2020, bringing Defendants Tiburon Insurance Services ("Tiburon") and Allied Insurance Partners ("Allied") into this action. (ECF No. 47.) While Tiburon has since answered the Third Amended Complaint (*see* ECF No. 71), as of April 13, 2021, the record indicates that service of the summons and Complaint on Allied has not been effected. This Court previously issued an Order to Show Cause directing Plaintiff to "show cause *in writing* within 30 days as to why his claims should not be dismissed against Allied for non-compliance with Federal Rule of Civil Procedure 4(m)." (ECF No. 68 at 2-3.) Plaintiff was also warned that "failure to comply . . . may result in dismissal of his claims against . . . Allied for failure to prosecute." (*Id.* at 3.) As of the date of this Report and Recommendation, Plaintiff has failed to respond to the Order to Show Cause. He also has not requested additional time to serve Allied.

A dismissal for want of prosecution is part of a court's "inherent power to control its docket." *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn.

1

2008) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Unless otherwise stated, a dismissal "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008). The Eighth Circuit has stressed the importance of the sanction's proportionality to the conduct at issue. *Smith*, 526 F.3d at 405. "A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997)).

In this case, Plaintiff has failed to prosecute. He has failed to provide any information to the Court regarding service of Allied. Given Plaintiff's failure to comply with the Court's order, the Court concludes dismissal of Plaintiff's claims against Allied for failure to prosecute is warranted.

Now, the Court must determine how dismissal of those claims is put into effect.

*Hunt*, 203 F.3d at 527. The Court concludes, given Plaintiff's pro se status, that dismissal without prejudice is appropriate. Dismissal without prejudice appropriately balances this Court's need for efficient and effective docket control with Plaintiffs' access to justice. *Id.*; *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (noting purpose of imposing sanctions is to deter future offensive conduct by the responsible individual and others). Plaintiff is warned that given the Court's recommendation in this matter, dismissals of future cases filed by Plaintiff may well justify dismissal with prejudice.

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's claims against Allied Insurance Partners be **DISMISSED WITHOUT PREJUDICE**.

Date: April __27__, 2021                  *s/Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Zean v. eFinancial, LLC, et al.*
                                          Case No. 19-cv-2958 (NEB/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).