## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Gaybou Zean, | Case No. 19-cv-2958 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| eFinancial, LLC, SelectQuote Insurance Services, Burialexpense.com, InsideResponse, LLC, Tiburon Insurance Services, and Allied Insurance Partners,[1] | |
| Defendants. | |

Samuel Gaybou Zean, 8708 62nd Avenue North, Brooklyn Park, MN 55428 (pro se Plaintiff); and

Jessica L. Klander and Patrick D. Newman, Bassford Remele, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402; and Luke Chamberlain and Nicole Strickler, Messer, Stilp & Strickler, Ltd., 166 West Washington Street, Suite 300, Chicago, IL 60602 (for Defendants SelectQuote Insurance Services, InsideResponse, LLC, and Tiburon Insurance Services).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on

Defendants SelectQuote Insurance Services and InsideResponse, LLC's (hereinafter

"Defendants") Motion to Compel Discovery Production. (ECF No. 62.) Plaintiff filed no

response to this motion, except to indicate that he did not agree with the motion. (*See*

---

[1] Defendant Burialexpense.com was dismissed from this litigation by virtue of the filing of the Third Amended Complaint. (ECF No. 47.) Defendant eFinancial, LLC was voluntarily dismissed. (ECF Nos. 54, 55.) The record further indicates that Defendant Allied Insurance Partners has not been served with the Third Amended Complaint. On January 28, 2021, the Court issued an Order to Show Cause giving Plaintiff 30 days to respond to "why his claims should not be dismissed against Allied for non-compliance with Federal Rule of Civil Procedure 4(m)." (ECF No. 68.)

Defs.' Local Rule 7.1.(A)(1) Meet and Confer Stmt. at 1, ECF No. 66.) The motion was taken under advisement by the Court without a hearing. (ECF No. 73.) For the following reasons, the Court grants this motion.

## I. BACKGROUND

By way of brief background, the operative Third Amended Complaint alleges that Defendants have violated the Telephone Consumer Protection Act (hereinafter "the TCPA") by using an autodialer to make calls repeatedly to Plaintiff's cell phone and leave automated voicemail messages after Plaintiff registered with the National Do-Not-Call Registry. (*See generally* Third Amended Compl., ECF No. 47.)

After filing his Third Amended Complaint, Plaintiff settled with Defendant eFinancial, LLC (hereinafter "eFinancial"). (ECF No. 54.) eFinancial was dismissed from the case on July 29, 2020. (ECF No. 55.) In October 2020, the Court issued a Pretrial Scheduling Order. (ECF No. 60.) This order set the fact discovery and nondispositive motion deadlines for January 15, 2021. (*Id.* at 1, 3.)

Defendants had previously served discovery requests on Plaintiff on August 26, 2020. (Defs.' Mem. in Supp. at 2, ECF No. 64.) This included Request to Produce Number 30, which asked Plaintiff to "produce a copy of any settlement or release agreement between You and any Defendant, including by [sic] not limited to eFinancial." (*See* Pl.'s Resps. to Defs.' First Set of Written Disc. Reqs., ECF No. 63 at 17.) Plaintiff responded to this request with the following objection:

> Plaintiff OBJECTS to this request as compound, vague, and
> unlimited in time and scope. Objecting further, this request is
> wholly irrelevant to and in no way tailored to the allegations in

Plaintiff's Complaint nor in any way tailored to the defense in Defendant's answer. Objecting further, the materials requested are irrelevant as they are unreasonably too broad. Objecting further, this request seeks information that contains private and confidential information or information that contains attorney-client relationship. Plaintiff further OBJECTS to this request as seeking privileged information and documents and other materials prepared in anticipation of litigation. Plaintiff is withholding documents responsive to this request.

(*Id.*) On October 8, 2020, Defendants conducted a conference call with Plaintiff pursuant to Rule 37 detailing what they viewed were a number of discovery deficiencies. (ECF No. 64 at 2-3.) Defendants sent a follow-up letter detailing those deficiencies on the same day. (ECF No. 63 at 42-46.)[2]

On January 5, 2021, the day after Plaintiff's deposition and with the discovery deadline looming, Defendants' counsel emailed Plaintiff and requested he properly respond to Request for Production Number 30 and tender the settlement agreement between Plaintiff and eFinancial (hereinafter "Settlement Agreement"). (ECF No. 63 at 48.) Plaintiff responded via email on the same day with a new set of objections:

> Plaintiff OBJECTS to this request as failing to exclude materials subject to attorney-client privilege, **confidential settlement agreement, and privileged agreement.** Subject to and without waiving said objections, **Plaintiff is prohibited from disclosing such privileged communications and agreement with eFinancial and its counsel.**
>
> Plaintiff further OBJECTS to this request as overly broad, and **not limited in scope to exclude the actual settlement amount which is not a valid discovery request and Defendants are entitled to know the specific settlement amount as it is not a defense or allegation to any party's claims in this case and**

---

[2] Defendants did not object to Plaintiff's response to Request to Produce Number 30 in this letter. (*See id.* at 44.) Defendants do not provide any further communication with Plaintiff in the following three months regarding the settlement agreement at issue.

**Defendants have not asked to redact this information or exclude the settlement amount by redaction in the contents of the settlement agreement.** Objecting further, **this request seeks materials subject to** attorney-client privilege and **Plaintiff's agreement not to disclose his settlement amount.**

(*Id.* at 50 (emphasis added).) Plaintiff also objected, for the first time, to Defendants' responses to certain discovery requests. (*Id.*)[3]

Defendants attempted to schedule another Rule 37 conference prior to the close of discovery through various emails with Plaintiff. (*See* ECF No. 64 at 3-5.) In a letter dated January 12, 2021, Plaintiff stated he was "hoping that the parties can avoid Rule 37 conference and provide each other the requested information." (ECF No. 63 at 53.) Plaintiff laid out in greater detail his objections to some of Defendants' responses to his discovery requests (*Id.* at 53-56)[4] and stated, "Plaintiff advises that Defendants provide supplementary responses and responsive materials to the discovery requests below by Monday, January 18, 2021." (*Id.* at 53.) As to his production of the Settlement Agreement, Plaintiff stated he "does not object to production of his Settlement Agreement with Defendant eFinancial so long as there is a formal production request and Plaintiff produce the settlement under a stipulated protective order wherein eFinancial has a chance to review before production." (*Id.*) He concluded his letter writing he "look[ed] forward to [Defendants'] response on whether a Rule 37 conference is necessary since Plaintiff has offered his response which will be the same in a Rule 37 conference, if any." (*Id.* at 56.)

---

[3] In his email to Defendants, Plaintiff specifically requests Defendants to produce documents in response to his Requests to Produce numbers 1-20. (*Id.*)

[4] Plaintiff specifically requested supplemental responses to Request to Produce number 14 for Inside Response and Request to Produce number 5 for SelectQuote. (*Id.*)

Further communication with Plaintiff on January 13 confirmed Defendants' initial interpretation of Plaintiff's letter to mean that Plaintiff would only produce the Settlement Agreement upon "reciprocal production of materials to which Defendants had issued valid objections." (ECF No. 64 at 5.)[5] Defendants informed Plaintiff that if he did not produce the Settlement Agreement, they would bring a motion to compel. (*Id.* at 4-5.)

On January 15, 2021, "in a final effort to resolve the discovery dispute before the close of discovery" Defendants emailed Plaintiff and counsel for eFinancial a proposed protective order "that covered any discovery production deemed confidential by any party." (*Id.* at 5; *see also* Proposed Stipulation for Protective Order, ECF No. 63 at 58-64.) While counsel for eFinancial expressed misgivings about Plaintiff producing a confidential settlement agreement without an active protective order in this case (*see id.* at 68-69), they did agree to the proposed protective order's terms. (*Id.* at 67.)

## II. ANALYSIS

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). If a party fails to answer an interrogatory, an opposing party may move to compel the answer. Fed. R. Civ. P. 37(a)(3)(iii). This Court "has very wide discretion in handling pretrial discovery." *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quotation omitted).

---

[5] Defendants state that on this day, they stated to Plaintiff that they stood by their objections to Plaintiff's requests and maintained that they were proper. (*Id.* at 4.) The Court notes that Defendants have not produced their objections to these discovery requests. Plaintiff, however, has not responded to the present motion, nor has he filed his own motion to compel. For the purposes of this motion, the Court accepts Defendants' objections as valid as they are not challenged by Plaintiff, nor are the contradicted on the record.

As to the proper scope of an interrogatory, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *see also Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage."). Although relevance is construed broadly at the discovery stage, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *see also Haddley v. Next Chapter Tech., Inc.*, No. 16-cv-1960 (DWF/LIB), 2018 WL 2180253, at *3 (D. Minn. Mar. 23, 2018) ("[T]he scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation."). Further, "even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted); *see* Fed. R. Civ. P. 26(b)(1).

"Once the requesting party has established the relevancy of the discovery it seeks, the burden shifts to the party opposing the discovery to show why the discovery may not be had." *Haddley*, 2018 WL 2180253, at *4 (citation omitted); *see also St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000) ("The party resisting production bears the burden of establishing lack of relevancy or undue

burden."); *Grupo Petromex, S.A. De C.V. v. Polymetrix AG*, No. 16-cv-2401 (SRN/HB), 2019 WL 2241862, at *2 (D. Minn. May 24, 2019) ("The party opposing discovery of relevant, non-privileged information has the burden of establishing some good cause or sound reason for blocking disclosure.") (quotation omitted). The objecting party "cannot rely upon boilerplate objections, but rather they must specify how each interrogatory or request for production is deficient and articulate the particular harm that would accrue if they were required to respond to the discovery request." *Arctic Cat, Inc. v. Bombardier Recreational Prods., Inc.*, No. 12-cv-2692 (JRT/LIB), 2014 WL 12610146, at *7 (D. Minn. May 23, 2014) (citing *St. Paul Reinsurance Co., Ltd.*, 198 F.R.D. at 512).

Defendants argue that Plaintiff's objections to this interrogatory are boilerplate, inapplicable, and insufficient. (ECF No. 64 at 7-9.) The further argue that the terms of the Settlement Agreement are relevant to their defense of the claims alleged against them and also for purposes of calculating damages. (*Id.* at 9-10.) Specifically, Defendants argue they must review the Settlement Agreement for the purposes of determining (1) which parties have been released; (2) which claims have been released and against whom; and (3) the amount of Plaintiff's recovery to ensure that he is not "claim-splitting" or seeking "outsized recovery for injuries for which he has already been compensated." (*Id.*)

As an initial matter, the Court finds that while Plaintiff's first set of objections were largely boilerplate, the objections listed in his January 5, 2021 email contain specific reasons for withholding the Settlement Agreement. (*Compare* ECF No. 63 at 17 *with* ECF No. 63 at 50.) In his January 5 objections, Plaintiff cites that he is "prohibited from disclosing . . . agreement with eFinancial and its counsel" and that "this request seeks

materials subject to . . . Plaintiff's agreement not to disclose his settlement amount." (*Id.* at 50.) Plaintiff also objects to disclosing the Settlement Agreement by arguing that Defendants are not entitled to know the settlement amount "as it is not a defense or allegation to any party's claims in this case." (*Id.*) It is valid reasoning for Plaintiff to resist producing a settlement agreement, which often contain non-disclosure provisions and penalties for violations thereof. It would also appear that Plaintiff's reasoning was sound, as eFinancial confirmed that the Settlement Agreement was confidential. (*See* ECF No. 63 at 69 ("Plaintiff is under confidentiality obligations with respect to the settlement and eFinancial objects to any production without a formal request and without a protective order.").)

Nevertheless, the Court will grant Defendants' motion and order Plaintiff to produce the Settlement Agreement. The terms of this Settlement Agreement are relevant to the case, particularly as it relates to Defendants' defense of the allegations against them, as well as damages calculations. Further, counsel for eFinancial has indicated that it does not object to production of the Settlement Agreement, so long as it is subject to a protective order and made in response to a formal request. (*See id.* at 66-69.) While the Court will require Plaintiff to produce the Settlement Agreement in response to Request to Produce Number 30, it is mindful of eFinancial's confidentiality concerns. The Court will therefore order that a protective order be issued in this case. Defendants have shared a proposed protective order (*see id.* at 58-64) and eFinancial has agreed to the substance of this proposed order. (*Id.* at 67.) Plaintiff has not objected to the terms of this protective order.

Therefore, the Court will enter the proposed protective order and order Plaintiff to produce the Settlement Agreement within seven days, subject to the protective order.

Defendants also state in their memorandum that Plaintiff did not verify his interrogatory responses under oath as required by Federal Rule of Civil Procedure 33(b)(3), adding that they have previously notified Plaintiff of that omission. (ECF No. 64 at 10.) According to this Rule, answers to interrogatories which are not objected to must be answered "under oath." Fed. R. Civ. P. 33(b)(3). Plaintiff's Responses to Defendants' First Set of Request for Admissions (ECF No. 63 at 3-40) do not contain such verification. Therefore, the Court shall order Plaintiff to verify his responses under oath, pursuant to penalties of perjury, in accordance with Rule 33(b)(3) within seven days.

### III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Compel Discovery Production. (ECF No. 62) is **GRANTED**.

2. A protective order shall issue in this case. The parties shall provide the Court with a courtesy copy of the proposed protective order in this case. (*See* ECF No. 63 at 58-64.) The Court will then enter this protective order.

3. Plaintiff shall respond to Defendants' Request to Produce Documents No. 30 and produce the Settlement Agreement between Plaintiff and Defendant eFinancial within **seven days** of this Order.

4. Plaintiff shall verify his interrogatory responses under oath pursuant to Federal Rule of Civil Procedure 33(b)(3) within **seven days** of this Order.

5. Each party shall bear their own attorney fees and expenses.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: May __3__, 2021                                    _____*s/Tony N. Leung*_____
                                                          Tony N. Leung
                                                          United States Magistrate Judge
                                                          District of Minnesota

                                                          *Zean v. eFinancial, LLC, et al.*
                                                          Case No.19-cv-2958 (NEB/TNL)